UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v. Case Nos. 3:09cr82/LAC/CJK
3:12cv232/LAC/CJK

MICHAEL PHILLIP KESSLER
_______________________________/

REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law (doc. 131, 134). The Government has filed a response (doc. 138) and Defendant has filed a reply (doc.140). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND[1]

On August 18, 2009, a grand jury returned a single count indictment charging Defendant with possession with intent to distribute more than 100 marijuana plants (doc. 1). On October 19, 2009, the Government filed a notice of enhancement information indicating its intent to seek increased penalties against Defendant due to a prior felony drug conviction (doc. 18). On October 27, 2009, Magistrate Judge Timothy conducted a change of plea hearing, but declined to accept Defendant's plea (docs. 30, 118).

The district court continued the trial to an uncertain date upon the Government's motion, and while the trial date was pending, the grand jury returned a superseding indictment (*see* docs. 31–33). The superseding indictment added a second count charging Defendant with conspiracy to possess with intent to distribute more than 100 marijuana plants (doc. 33). The court denied Defendant's motion to suppress evidence and on December 9, 2009, a jury convicted Defendant as charged (docs. 50, 62, 74).

For sentencing purposes, Defendant had a total offense level of 22 and a criminal history category of II, with an applicable guideline imprisonment range of 46 to 57 months (doc. 92, PSR ¶ 129). Due to the application of the ten year statutory mandatory minimum term of imprisonment, the guideline imprisonment range became 120 months (*Id*. ¶¶ 128–129). The court sentenced Defendant in accordance with that range to concurrent terms of 120 months imprisonment, and the Eleventh Circuit affirmed both Defendant's conviction and sentence on appeal (docs. 84, 125).

---

[1] Detailed statements of facts describing the offense conduct are set forth in the Presentence Investigation Report (doc. 92) and will be set forth herein only as necessary.

In Defendant's amended motion to vacate, he claims that his attorney was constitutionally ineffective for not advising him to plead guilty before the Government filed its enhancement notice, in which case the minimum mandatory sentence would have been 60 months, rather than 120 months. Defendant asks that his conviction be vacated and that he be allowed to plead to the original indictment without the application of the § 851 enhancement. The Government opposes the motion.

## LEGAL ANALYSIS

General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d, 1, 8 (11th Cir. 2012). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). *Strickland*'s two part test also applies to guilty pleas. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). A defendant who claims, for instance, that ineffective advice led him to reject a plea offer must show that but for ineffective assistance of counsel, he would have accepted the plea, and that the conviction or sentence or both under the terms of the plea offer would have been less severe than under the judgement and sentence that were imposed. *Lafler*, 132 S.Ct. at 1385. In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

Defendant's Ineffective assistance of counsel claim

The thrust of Defendant's argument is that his attorney, Shelly Reynolds, did not timely advise him to plead guilty, and by "timely," he means after the initial indictment but before the Government filed the § 851 notice. As a result of the notice

of enhancement, the applicable statutory minimum mandatory increased from five to ten years.

The Government notes in its response that Defendant appears to assume that there would have been no enhancement information filed in his case if he had attempted to plead guilty, an assumption it unequivocally states has no basis in fact. The Assistant United States Attorney who prosecuted this case, Edwin Knight, Esq., authored the Government's response to Defendant's § 2255 motion and filed an affidavit in support thereof (doc. 138-1). In his affidavit, Mr. Knight states that it was his intention to file an enhancement information before Defendant entered a guilty plea, and that he also intended that the court apply the ten year minimum mandatory prison sentence (*id*. at 1). Mr. Knight, who has been an AUSA for eighteen years, further attests that in his career as an AUSA, he has "never declined to file an enhancement information as part of a plea agreement" and he has "never offered to do so" (*id*.). Mr. Knight notes that there was no action or inaction by Defendant's former counsel that resulted in his filing the notice of enhancement and that "[n]o plea bargain would have been offered to the defendant that would have included any agreement that the enhanced penalties would not be applicable in his case" (*id*. at 2).

In Defendant's reply, he concedes that he "does not have the ability to prove a negative–that the Government has often contemplated filing and had the ability to file a § 851 notice but chose not to do so" (doc. 140 at 3). Defendant argues, however, that "the record of this case, common sense, and a comparison of this practice to what is happening in other districts, potentially undermines the Government's position that it never uses § 851 as a bargaining chip" (*id.*). He offers several arguments in support of his position.

Defendant first posits that there was no reason for the Government to wait almost two months after the indictment to file the § 851 notice, if it always intended to file the notice, unless the Government did not know of Defendant's prior conviction until shortly before filing the notice. In such instance, Defendant maintains that the late filing of the notice supports his argument that the delay in his entering a guilty plea resulted in prejudice to him. Next, Defendant argues that the notice of enhancement was not filed until after Ms. Reynolds entered a notice of appearance and demonstrated that she was ready to proceed to trial, thus suggesting that the § 851 notice was filed only because of Defendant's intent to proceed to trial. Third, Defendant argues that the Government's discretion regarding the filing of a section § 851 enhancement is widely used as a tool to apply pressure on defendants to plead guilty in a "carrot and stick" approach. Defendant cites five cases from courts in Indiana, Ohio and Louisiana in which he maintains this approach was used, although he admits that he knows of no similar cases from this district.

Defendant concedes that his motion and request for relief turns on whether the Government would have been willing to withhold filing the notice if he had pleaded guilty earlier in the case, and that he has no evidence whatsoever to contradict Mr. Knight's affidavit. This alone is sufficient to defeat Defendant's motion. The court also notes, however, that even if counsel had provided constitutionally deficient advice regarding the timing of a possible guilty plea, Defendant cannot show prejudice. As noted above, Defendant's attempt to enter a guilty plea on October 27, 2009 was unsuccessful because he would not, and in accordance with the facts presented at the hearing could not, admit responsibility for more than 100 marijuana plants. Defendant told the court that the majority of the plants seized were grown

during a three month time period when he had sublet the premises to another individual, and the court thus refused to accept his guilty plea (*see* doc. 118 at 19–23). Defendant has not shown that an earlier rearraignment proceeding would have yielded a different result.

Conclusion

Defendant has failed to show either that the claim raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 has merit or that an evidentiary hearing is warranted. Therefore, Defendant's motion should be denied.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The amended motion to vacate, set aside, or correct sentence (doc. 131) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 23rd day of September, 2014.

/s/ Charles J. Kahn, Jr.

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).